IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LA TIDTUS JONES                                                                            PLAINTIFF

VS.                                                          CIVIL ACTION NO.  1:13cv511  KS-MTP

RONALD KING, ET AL
                                                                                                    DEFENDANTS

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION, ETC.</u>

This cause is before the Court on Motion for Preliminary Injunction or TRO [27] and Motion for Default Judgment [33] filed by Plaintiff and the Magistrate Judge's findings at the Omnibus Hearing held in this case.  Further before this Court is the Report and Recommendation of Magistrate Judge Michael T. Parker and Plaintiff's Objections thereto, and the Court after considering same, the record herein, and applicable law, finds as follows, to-wit:

I.  BACKGROUND

On February 6, 2013, Plaintiff La Tidtus Jones, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  Most of Plaintiff's claims arose while he was a post-conviction inmate at SMCI.[1]  In this action, Plaintiff

---

[1] As discussed below, Plaintiff also asserted claims against employees at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi, arising from events that occurred while Plaintiff was a post-conviction inmate at CMCF.

1

has named twenty-seven defendants.[2]  Plaintiff's claims relate to his numerous disciplinary violations and defendants' alleged use of excessive force, confiscation of his property, and failure to protect him from other inmates.

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on November 25, 2013.  Plaintiff appeared *pro se* and Honorable Tommy Goodwin appeared on behalf of Defendants Ronald King, Theresa Seabrook, Hubert Davis, George Dennis, Brenda Sims, Joseph Cooley, Eddia Coleman, Margaret Bingham, Malvin Smith, Nina Enlers, Laura Tilley, Debra Platt, William Dare, Denise Brewer, Chiquita Brown, Diane Massey, Latasha Clay, Adrian Keys, Regina Hancock, Christopher Epps, Phillip Yorke, Merrilyn Summerville, and E.L. Sparkman.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

---

[2] In the Western Division of this Court, Plaintiff filed another action on June 6, 2013, arising from events that occurred while Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi.  In that action, Plaintiff has named thirty defendants. *See Jones v. King, et al.*, 5:13-cv-82.

conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The specific recommendations of Magistrate Judge Parker are as follows:

1. That Plaintiff's Motion for Preliminary Injunction or TRO [27] be denied; and

2. That Plaintiff's Motion for Default Judgment [33] be denied; and

3. That Plaintiff's claims against employees at Central Mississippi Correctional Facility, Defendants Merrilyn Summerville, Phillip Yorke, Gladys Kersh, Malvin Smith, Lt. Kingdom, and Eddia Coleman, be dismissed without prejudice; and

4. That Plaintiff's claims against Defendant Laura Tilley be dismissed with prejudice; and

5. That Plaintiff's *ore tenus* motion to dismiss be granted and Defendants Margaret Bingham, Christopher Epps, and E. L. Sparkman be dismissed with prejudice.

The Court will address the recommendations in sequence.

1. That Plaintiff's Motion for Preliminary Injunction or TRO [27] be denied.

Plaintiff lists his reasons for objecting in paragraph 13 of Document [47-2] which is his Affidavit. The objection is a conclusory statement that his reasons are set forth in his Memorandum. Judge Parker's analysis clearly sets forth the requirements of a TRO and the four-part test for same. Plaintiff is claiming that he is entitled to an affirmative order requiring certain actions including transfer and examination by a specialist. The specific analysis was gone through by Judge Parker and none of the specifics are addressed by the Plaintiff. This Court finds that his limited and conclusory objection is inadequate and finds that the objection as to this portion of the Report and Recommendation is without merit.

      2.      That Plaintiff's Motion for Default Judgment [33] be denied.

Plaintiff's Objection simply states that the Defendants were served at the prison. The record is clear that they were not properly served and the analysis of Judge Parker simply states Plaintiff's claims are not supported by the record. This Court finds that Judge Parker's reading of the record is correct and this portion of the Objection is without merit.

      3.      That Plaintiff's claims against employees at Central Mississippi Correctional Facility, Defendants Merrilyn Summerville, Phillip Yorke, Gladys Kersh, Malvin Smith, Lt. Kingdom, and Eddia Coleman, be dismissed without prejudice.

Plaintiff's objection is set forth in paragraph 3 of Document [47] and simply states that all of the employees that were made Defendants at CMCF are from the Mississippi Department of Corrections and played a part of a wide range of systematic wrongs, and thereby should be part of the lawsuit. The analysis is clear that the events must be connected to be part of the same suit. The joinder rules set forth in Fed.R.Civ. P. 20(a)(2) are not met and Plaintiff's objection is without merit.

      4.      That Plaintiff's claims against Defendant Laura Tilley be dismissed with prejudice

Plaintiff objects to the dismissal of Laura Tilley who allegedly whispered a threat in his ear when he arrived at SMCI. The law is clear that verbal threats, even if true, are not a Constitutional violation. Judge Parker's analysis is correct, and the Court finds that this portion of the objection is without merit.

      5.      That Plaintiff's *ore tenus* motion to dismiss be granted and Defendants Margaret Bingham, Christopher Epps, and E. L. Sparkman be dismissed with prejudice

Plaintiff makes no objection to this portion of the Report and Recommendation and therefore this is not an issue.

IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Jones' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that La Tidtus Jones' claim for preliminary injunction TRO [27] should be denied, that Plaintiff's Motion for Default Judgment [33] should be denied, that Plaintiff's claims against CMCF employees should be dismissed without prejudice, that Plaintiff's claims against Laura Tilley should be dismissed with prejudice, and that Plaintiff's claims against Margaret Bingham, Christopher Epps and E. L. Sparkman should be dismissed with prejudice.

SO ORDERED this the 17th day of January, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE