IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LA TIDTUS JONES                                                                           PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:13cv511-KS-MTP

WILLIAM DARR & DANIEL E. LAWSON                                          DEFENDANTS

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge entered herein on March 26, 2015. After referral of hearing by this Court, no objection having been filed as to the Report and Recommendation, and the Court having fully reviewed the same as well as the record in this matter, this Court finds that said Report and Recommendation should be adopted as the opinion of this Court.

### FACTUAL BACKGROUND

This lawsuit arises from events that allegedly occurred while the Plaintiff, La Tidtus Jones, was incarcerated at South Mississippi Correctional Institution ("SMCI"). Plaintiff filed this civil rights action on or about February 6, 2013, pursuant to 42 U.S.C. § 1983. Plaintiff asserts a claim against Defendants William Darr, an SMCI officer, and Daniel Lawson, a former SMCI officer, for excessive force in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Darr and Lawson "jumped" him from behind without cause on or about October 9, 2011. Plaintiff alleges Darr and Lawson grabbed him by the neck, choked him, elbowed him, and slammed him down on the floor. He also alleges that Defendants falsely accused him of attempting to assault them. Plaintiff seeks $500,000 in damages.

## ANALYSIS

When prison officials are accused of violating the Eighth Amendment by using excessive force, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Court considers several factors in determining whether a prison officer used excessive force in violation of the Eighth Amendment: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Id*. at 839.

Here, the alleged force "was applied in a good-faith effort to maintain or restore discipline" and not "maliciously and sadistically to cause harm." *Id*. at 838. The evidence illustrates that a superior officer ordered Defendant Lawson to search the Plaintiff for a cell phone, based on a tip from the watchtower. Accordingly, Defendant Lawson reasonably believed Plaintiff had contraband on his person. In fact, Defendants found contraband during the search, at which time Plaintiff swung at Defendant Lawson. Defendants Lawson and Darr reacted reasonably by pulling Plaintiff to the ground by his shoulders. Therefore, the evidence does not support the conclusion that force was used maliciously or sadistically. Rather, Defendants appropriately used force in a good-faith effort to maintain and restore discipline, protect themselves from harm, and control the situation.

Moreover, the medical records show that Plaintiff only suffered a small cut on his

left index finger, and that the skin on his back was red, contradicting Plaintiff's allegation that Defendant Darr put him in a chokehold while Defendant Lawson struck him repeatedly on the neck and head. The medical records demonstrate, therefore, the Plaintiff suffered minimal injuries from Defendant's application of force.

While Plaintiff speculates that the medical records were altered, Dr. Charmaine McCleave testified that it is impossible to edit the records once they are filed. Regardless, Plaintiff introduced no evidence that the records were altered, or that contradictory ones were ever entered.

In summary, the evidence does not support the Plaintiff's allegation that he was attacked without cause, and the medical records do not support his claim that Defendants brutally beat him. Because Plaintiff failed to establish by a preponderance of the evidence that the Defendants violated his constitutional rights by subjecting him to excessive force, this action is dismissed with prejudice.

## **CONCLUSIONS AND RECOMMENDATIONS**

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court, and the action is hereby dismissed with prejudice. A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this is the 21st day of May, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE